**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | |
|---|---|
| IN THE MATTER OF KENNEDY SHEA LEE,<br><br>    Plaintiff,<br><br>v.<br><br>WEAKLEY COUNTY BOARD OF EDUCATION d/b/a WEAKLEY COUNTY SCHOOLS,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)    **Case No. 1:24-cv-01147**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

---

**ANSWER OF WEAKLEY COUNTY BOARD OF EDUCATION**

---

COMES NOW the Defendant, Weakley County Board of Education (the "WCBE" or the "Defendant"), by and through counsel, and in response to the Complaint filed against it states as follows:

### I.    INTRODUCTION

1. Denied.

2. Denied.

### II.    PARTIES, JURISDICTION, AND VENUE

3. Admitted.

4. Admitted.

5. Denied that this action states a claim for relief under any federal law. Admitted that this action makes allegations under certain federal statutes that invoke this Court's jurisdiction under 28 U.S.C. § 1331.

{02024368.3 }

6.      Admitted.

### III.   FACTS

7.      Upon information and belief, WCBE admits that Kennedy Lee is diagnosed with postural orthostatic tachycardia syndrome (POTS). Also admitted that the source linked in Plaintiff's footnote 1 speaks for itself. To the extent that the remaining allegations in Paragraph 7 state anything inconsistent with the text of the source in footnote 1, WCBE denies those allegations or statements. WCBE is without sufficient information or knowledge to admit or deny how POTS and/or the functional neurological disorder affect Kennedy Lee specifically.

8.      Admitted that the source linked in Plaintiff's footnote 2 speaks for itself. To the extent that the remaining allegations in Paragraph 8 state anything inconsistent with the text of the source in footnote 2, WCBE denies those allegations or statements. WCBE is without sufficient information or knowledge to admit or deny how POTS and/or the functional neurological disorder affect Kennedy Lee specifically.

9.      Paragraph 9 contains legal conclusions that do not require a response. To the extent that a response is required, WCBE admits the allegations in Paragraph 9.

10.     Admitted that some of the accommodations in Kennedy's 504 Plan including being able to sit near a teacher or friend, to modify or shorten assignments, to extend time to complete assignments, and to call for a nurse if Kennedy experienced symptoms related to POTS and needed assistance and/or medical attention. All other remaining allegations or statements in Paragraph 10 that are not expressly admitted are denied.

11.     WCBE denies the allegations as stated in Paragraph 11.

12.     WCBE denies the allegations as stated in Paragraph 12.

13.     WCBE denies the allegations as stated in Paragraph 13.

14.     Denied.

15.     Admitted that Kennedy went on homebound status for the 2023-2024 school year. All remaining allegations and statements in Paragraph 15 are denied.

16.     WCBE denies the allegations as stated in Paragraph 16.

17.     Admitted that Kennedy sat in the bleachers during the graduation ceremony and used a wheelchair. WCBE denies all remaining allegations and statements in Paragraph 17, stating WCBE offered numerous accommodations and options to Kennedy and her guardian to support her participation in the graduation ceremonies, including sitting with the other students and an aide, but Kennedy refused that option.

18.     Admitted that Kennedy provided a letter from a physician, Joshua C. Duley of Vanderbilt Children's Hospital on May 14, 2024. The content of this letter speaks for itself and WCBE denies any allegations or statements that are inconsistent therewith. Admitted that the principal wanted to use graduation practice as means to assess several different options available to Kennedy to participate during graduation. WCBE denies any and all remaining allegations or statements in Paragraph 18 that are not expressly admitted.

19.     Admitted that Kennedy walked across the stage at graduation practice. WCBE denies all remaining allegations and statements in Paragraph 19 as stated.

20.     WCBE denies the allegations as stated in Paragraph 20.

21.     WCBE denies the allegations as stated in Paragraph 21.

22.     Admitted that Kennedy sat in the bleachers on graduation. Denied that this was the only option WCBE offered for Kennedy's participation in the graduation ceremony. WCBE denies all other remaining allegations and statements in Paragraph 22 that are not expressly admitted.

23.     Admitted that WCBE shared social media posts showing students and graduation. Denied that WCBE purposefully included or excluded Kennedy or any other student. WCBE denies all remaining allegations and statements in Paragraph 23 that are not expressly admitted.

## IV.    LEGAL CLAIMS

### COUNT ONE

24.     Defendant incorporates and restates its responses to the above-state paragraphs herein.

25.     Paragraph 25 contains a statement of law and does not require a response. To the extent a response is required, admitted.

26.     Paragraph 26 contains a statement of law and does not require a response. To the extent a response is required, admitted.

27.     Admitted.

28.     Admitted that the Director of Schools had knowledge of Kennedy's POTS diagnosis and that she had a Section 504 Plan related to this diagnosis. WCBE is without sufficient information or knowledge to admit or deny what Plaintiff means by "on down."

29.     Paragraph 29 contains a statement of law and does not require a response. To the extent a response is required, admitted.

30.     Denied.

    a.  Paragraph 30(a) contains a conclusion of law and does not require a response. To the extent a response is required, denied.

    b.  Paragraph 30(b) contains a conclusion of law and does not require a response. To the extent a response is required, denied.

c. Paragraph 30(c) contains a conclusion of law and does not require a response. To the extent a response is required, denied.

d. Paragraph 30(d) contains a conclusion of law and does not require a response. To the extent a response is required, denied.

### COUNT TWO

31. Defendant incorporates and restates its responses to the above-state paragraphs herein.

32. Paragraph 32 contains a legal conclusion and does not require a response. To the extent a response is required, denied.

a. Paragraph 32(a) contains a legal conclusion and does not require a response. To the extent a response is required, denied.

b. Paragraph 32(b) contains a legal conclusion and does not require a response. To the extent a response is required, denied.

c. Paragraph 32(c) contains a legal conclusion and does not require a response. To the extent a response is required, denied.

d. Paragraph 32(d) contains a legal conclusion and does not require a response. To the extent a response is required, denied.

e. Paragraph 32(e) contains a legal conclusion and does not require a response. To the extent a response is required, denied.

### COUNT THREE

33. Denied.

34. Denied.

35. Denied.

36.     Paragraph 36 contains a legal conclusion and does not require a response. To the extent a response is required, denied.

## COUNT FOUR

37.     Defendant incorporates and restates its responses to the above-state paragraphs herein.

38.     Paragraph 38 contains a statement of law and does not require a response. To the extent a response is required, WCBE denies that Plaintiff states a claim for relief under any federal law or statute.

39.     Paragraph 39 contains a statement of law and does not require a response. To the extent a response is required, WCBE states that the language of 42 U.S.C. § 1983 and *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) speaks for itself. Any statement or conclusion inconsistent with the language of the statute or case is denied.

40.     Upon information and belief, admitted that Kennedy is a United States citizen who, generally, may be afforded protections under Section 1983. Also admitted that Defendant is a local government entity, subject to suit, generally, under Section 1983. Denied that Kennedy states a claim for relief under Section 1983 or that WCBE is liable under Section 1983 for any allegations in this Complaint. All other remaining allegations and statements in Paragraph 40 are also denied.

41.     Denied.

42.     Paragraph 42 contains a legal conclusion and does not require a response. To the extent that a response is required, WCBE denies that it has liability under *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) or any other federal or state law for any allegations or actions related to this Complaint. WCBE denies all other remaining allegations and statements in Paragraph 42.

43.    WCBE admits that it has written policies that uphold the rights of persons with disabilities, including their rights to reasonable accommodations. WCBE denies all other remaining allegations and statements in Paragraph 43.

44.    Paragraph 44 contains legal conclusions and does not require a response. To the extent that a response is required, denied.

45.    Denied.

46.    Admitted that Kennedy received accommodations, elected to go on homebound status, and sat in the bleachers during graduation. All other remaining allegations and statements in Paragraph 46 are denied.

47.    Paragraph 47 contains legal conclusions and does not require a response. To the extent that a response is required, denied.

## COUNT FIVE

48.    Defendant incorporates and restates its responses to the above-state paragraphs herein.

49.    Paragraph 49 contains a statement of law and does not require a response. To the extent a response is required, admitted.

50.    Paragraph 50 contains a statement of law and does not require a response. To the extent a response is required, WCBE admits that the language of *Doe v. Claiborne County*, 103 F.3d 495, 506 (6th Cir. 1996) contains the words as stated in Paragraph 50. WCBE denies all allegations and statements in Paragraph 50 inconsistent with the language of the case.

51.    Paragraph 51 contains statements of law and legal conclusions and does not require a response. To the extent a response is required, denied.

## V.       RELIEF SOUGHT

52.     WCBE denies that Plaintiff is entitled to any relief as requested in Paragraph 52.

53.     WCBE denies that Plaintiff is entitled to any relief as requested in Paragraph 53.

54.     WCBE denies that Plaintiff is entitled to any relief as requested in Paragraph 54.

55.     WCBE denies that Plaintiff is entitled to any relief as requested in Paragraph 55.

## AFFIRMATIVE DEFENSES

1.     Defendant asserts that Plaintiff's Complaint should be dismissed because it fails to state a claim upon which relief can be granted.

2.     Defendant asserts that Plaintiff's Complaint should be dismissed in whole or in part for failure to exhaust administrative remedies.

3.     Defendant asserts that Plaintiff should be estopped from asserting the claims in this Complaint because she and her mother and legal guardian, Carla Lee, were active participants in the development and execution of Kennedy's 504 Plan, including the decision for Kennedy to sit in the bleachers at graduation.

4.     Defendant asserts that any and all injuries Plaintiff alleges to have sustained were caused in whole or in part by her own conduct because Plaintiff chose to stay in the nurse's room despite efforts by the school principal or other staff to make Plaintiff return to class.

5.     Defendant asserts that its investigation of this matter is not yet complete, and therefore any and all affirmative defenses which may be developed through investigation and discovery shall be relied upon by Defendant at the trial of this case. Defendant specifically reserves the right to amend this Answer and plead additional facts and/or defenses, including affirmative defenses, and compulsory and/or permissive counterclaims, that may be supported by said investigation and discovery. To the extent facts are developed to justify reliance thereon,

Defendant pleads and relies upon the defenses of unavoidable accident, failure to mitigate damages, and intervening cause.

6.      To the extent the Court concludes Defendant committed any negligent acts related to the allegations in the Complaint, Plaintiffs' claims for punitive damages related to those actions should be dismissed. *See Johnson v. Smith*, 621 S.W.2d 570, 572 (Tenn. Ct. App. 1981) (citing *Tipton County Bd. of Ed. v. Dennis*, 561 S.W.2d 148 (Tenn. 1978)).

7.      Defendant is not subject to punitive damages under Section 1983. *See Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

8.      Should this Court determine this Defendant is liable for punitive damages related to any claim, Defendant asserts the Court should bifurcate the trial of this action, wherein the first phase the Court should determine liability for and amount of compensatory damages, as well as liability for punitive damages, and in the second phase the court should determine the amount of such punitive damages, if any. *See SCF, LLC v. Hartford Fire Ins. Co.*, No. 120-CV-01173-JDBJAY, 2021 WL 4206624, at *3 (W.D. Tenn. Sept. 15, 2021) (citing *Saxion v. Titan-C Manufacturing*, 86 F.3d 553, 556 (6th Cir. 1996)).

9.      Defendant asserts it is entitled to attorney's fees and costs pursuant to 42 U.S.C. § 1988(b).

**WHEREFORE**, Defendant Weakley County Board of Education denies it is liable to Plaintiff for any amount and respectfully requests that it be dismissed from this lawsuit with costs taxed to Plaintiff.

**DATED** this the 16th day of September, 2024.

Respectfully submitted,

/s/ Sara D. Naylor
Samuel L. Jackson (21541)
Sara D. Naylor (37533)
Spencer Fane LLP
511 Union Street, Suite 1000
Nashville, TN 37219
Telephone: (615) 238-6300
Facsimile: (615) 238-6301
sjackson@spencerfane.com
snaylor@spencerfane.com

*Attorneys for Defendant Weakley County
Board of Education*

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on September 16, 2024, a true and correct copy of the foregoing was served by email and/or U.S. mail, postage prepaid, upon the following:

Justin Gilbert
100 W. Martin Luther King Blvd., Suite 501
Chattanooga, TN 37402
Telephone: 423-756-8203
justin@schoolandworklaw.com

Jessica Salonus
139 Stonebridge Blvd
Jackson, TN 38305
Telephone: 731-300-0970
jsalonus@salonusfirm.com

          */s/ Sara D. Naylor*

          Sara D. Naylor